IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH AMBROSE, individually, ) <br> BRYAN AMBROSE, individually, and ) <br> ELIZABETH AMBROSE and BRYAN ) <br> AMBROSE, as parents and next friends of ) <br> Edward Ambrose, a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MENARD, INC., a Wisconsin corporation, ) <br> ) <br> Defendant. ) | CASE NO. 8:09-CV-00240 <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiffs, Elizabeth and Bryan Ambrose (hereinafter "Plaintiffs"), and Defendant, Menard, Inc., a Wisconsin corporation (hereinafter "Defendant"), by and through their respective counsel, hereby stipulate and agree, and request an Order from this Court, to the following Stipulated Protective Order:

1. Some of the information obtained by Plaintiffs through discovery, including, but not limited to, information pertaining to Defendant's policies and procedures, such as policies and procedures relating to forklifts, the shipping and stocking of goods, access to the employee website, post-accident testing, the hiring process, and Defendant's relationship with vendors, is confidential commercial information under Fed. R. Civ. P. 26(c)(1)(G), and is consequently designated as confidential information (hereinafter "Confidential Information"). Furthermore, the Confidential Information has no bearing on the nature and extent of Plaintiffs' damages or loss of consortium, and consequently, Plaintiffs and Defendant seek an order protecting the same.

2. Plaintiffs and Defendant stipulate and agree that material obtained during the videotaped deposition of Defendant's employee Cody Stange, including footage of Defendant's in-house counsel Kris Olen, and a statement for the record that

    Attorney Olen flew into Omaha on one of the airplanes that was part of Defendant's "fleet" corporate airplanes, as well as footage of Mr. Stange crying during his deposition, which was objected to by counsel for Defendant, are disputatious materials (hereinafter "Disputatious Materials). A Protective Order is necessary to prevent the annoyance, embarrassment, and oppression that would result from the disclosure of these Disputatious Materials.

3.   Plaintiffs and Defendant stipulate and agree that they have an obligation to limit the disclosure of all Confidential Information and Disputatious Materials produced or obtained in this matter, including, but not limited to, information obtained during the depositions of Defendant's employees Sam Park and Cody Stange, related or unrelated to the present case. In addition, Plaintiffs and Defendant stipulate and agree that all Confidential Information and Disputatious Materials produced or obtained in this matter, related or unrelated to the present case, is confidential and not to be disclosed to third-parties or used in any other litigation.

4.   Plaintiffs and Defendant stipulate and agree that all Confidential Information and Disputatious Materials produced or obtained in this matter, related or unrelated to the present case, shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case, even if that information is used or offered at trial or in open court.

5.   This Protective Order shall be without prejudice of any of the parties of this action:

    a.   To enter into evidence at trial of this matter all information that is relevant under case law and the Federal Rules of Evidence, and to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case;
    b.   To seek a further protective order;
    c.   To exercise any right or raise any objections otherwise available under the Federal Rules of Civil Procedure or the Federal Rules of Evidence; or
    d.   By application of notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge of the applicability of this Protective Order, all Confidential Information or Disputatious Material(s) shall remain subject to the provisions of this Protective Order.

6. Confidential Information, including Confidential Information which has already been produced or obtained in this matter, related or unrelated to the present case, is subject to the provisions of this Protective Order.
7. Disputatious Materials, including Disputatious Materials which have already been produced or obtained in this matter, related or unrelated to the present case, are subject to the provisions of this Protective Order.
8. If any party, attorney, or individual shall disclose Confidential Information or Disputatious Materials to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such a person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit "A") whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, such counsel shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential materials(s) or information to an expert who is not expected to be called as witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit "A") whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.
9. Nothing in this Protective Order shall be construed to limit the use of information regarding individuals obtained by lawful means or from sources other than this litigation.
10. This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors, and assigns, and shall continue to be forever binding following the resolution of this case.

        MENARD, INC., a Wisconsin corporation, Defendant,

        __s/ Albert M. Engles_____

        Albert M. Engles, #11194
        ENGLES, KETCHAM, OLSON & KEITH, P.C.1350
        Woodmen Tower
        Omaha, Nebraska 68102
        Phone: (402) 348-0900
        Fax:   (402) 348-0904
        e-mail: bengles@ekoklaw.com

ELIZABETH AMBROSE and BRYAN AMBROSE,
Plaintiffs,

        _s/ Joseph L. Fitzgibbons_____
        Joseph L. Fitzgibbons
        Ned A. Stockdale
        FITZGIBBONS LAW FIRM
        108 North 7 Street
        Estherville, Iowa 51334
        Phone: (712) 362-7215
        Fax::   (712) 362-3526
        e-mail: jfitz@fitzgibbonslawfirm.com
        e-mail: nstock@fitzgibbonslawfirm.com

**IT IS SO ORDERED.**

Dated this 13th day of August, 2010.

        BY THE COURT :

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the _____ day of _____, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:Joseph L. Fitzgibbons
Ned A. Stockdale
Fitzgibbons Law Firm
108 N. 7 St.
P.O. Box 496
Estherville, IA 51334
(712) 362-7215
Fax: (712) 362-3526

5

e-mail: jfitz@fitzgibbonslawfirm.com
e-mail: nstock@fitzgibbonslawfirm.com

                    s/ Albert M. Engles
                    Albert M. Engles, #11194
          ENGLES, KETCHAM, OLSON & KEITH, P.C.
                    1350 Woodmen Tower
                    Omaha, Nebraska 68102
                    Phone: (402) 348-0900
                    Fax: (402) 348-0904
                    e-mail: bengles@ekoklaw.com

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the District of Nebraska in the action entitled *Elizabeth Ambrose and Bryan Ambrose v. Menard, Inc.*, Case No. 8:09-CV-00240. I understand the Protective Order is a Court Order designed to preserve the confidentiality of information produced during the course of the litigation. I also understand that the Protective Order restricts my use, disclosure, and retention of such confidential information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information or Disputatious Materials as required by the Protective Order.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provisions of the Protective Order.

Dated: _____     _____
                                 Signature


                                 _____
                                 Name (Print)

7